IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS GEORGE WICKER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-15-CV-331-KC |
| | § | |
| SETERUS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Defendant Seterus, Inc.'s ("Seterus") Motion to

Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"), ECF No. 5.  For the

reasons set forth below, the Motion is **GRANTED**.

## I.    BACKGROUND

This suit arises from a fifteen-year loan agreement secured by Plaintiff's home, which is

located at 6533 Calle Bonita Lane in El Paso, Texas ("Calle Bonita Property").  *See* Pl.'s Orig.

Pet. & App. for Temp. Restraining Order ("Complaint") 2, ECF No. 1-1.[1]  The instant case is the

third case that Plaintiff has filed relating to the attempted foreclosure of the Calle Bonita

Property, in connection with this same loan agreement.  *See Wicker v. Bank of Am., N.A.* (*Wicker

I*), No. EP-14-CV-91-PRM, 2014 WL 10186157 (W.D. Tex. Aug. 27, 2014); *Wicker v. Bank of

Am., N.A.* (*Wicker II*), No. EP-15-CV-00015-FM, 2015 WL 632096 (W.D. Tex. Feb. 13, 2015).[2]

---

[1] Plaintiff refers to this agreement as the "mortgage," and Seterus refers to the agreement as the "mortgage loan" or
"loan agreement."  *See, e.g.*, Compl. 2; Mot. 3-4.  The Court elects to use the term "loan agreement," but notes that
all of these terms—"mortgage," "mortgage loan," and "loan agreement"—refer to the same loan agreement secured
by the Calle Bonita Property.  *See* Compl. 2.

[2] Generally, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the
contents of the pleadings, including attachments thereto."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,
498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).  However, "[i]n deciding a 12(b)(6) motion to dismiss, a court
may permissibly refer to matters of public record," *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)
(citations omitted), including court documents from prior related proceedings, *Price v. U.S. Bank, N.A.*, No. 3:14-
CV-3554-N-BK, 2015 WL 1505695, at *2 (N.D. Tex. Mar. 30, 2015) ("The Court may take notice of the judicial

Sometime in late 2013, Plaintiff missed several payments on the loan agreement. *See* Compl. 2. Plaintiff alleges that Bank of America, the loan servicer at the time, "then miscalculated the amount due on the mortgage attempting to force Plaintiff to pay significantly more than was owed." *Id.* Plaintiff claims that "Bank of America also miscalculated the amount allegedly due on escrow," and that, in doing so, Bank of America was "attempting to force Plaintiff to pay far more than [was] owed." *Id.* at 2-3.

On February 28, 2014, Plaintiff and Rocio Padilla Wicker ("Rocio") filed a lawsuit in the 243rd District Court of El Paso County, Texas—*Wicker I*—in anticipation of the foreclosure of the Calle Bonita Property as a result of Plaintiff's missed payments. *See Wicker I*, 2014 WL 10186157, at *1.[3] Plaintiff and Rocio named Bank of America as a defendant in *Wicker I*, and Bank of America subsequently removed the case to federal court. *See id.* In the *Wicker I* lawsuit, Plaintiff and Rocio alleged that Bank of America "breached the contract 'by improperly calculating the amount due on the note, improperly imposing and calculating escrow, improperly accelerating the Loan, and improperly posting the home for foreclosure based upon incorrect amounts due.'" *Id.* at *2. Plaintiff and Rocio also brought a Real Estate Settlement Procedures Act ("RESPA") claim, alleging that Bank of America "collect[ed] or attempt[ed] to collect escrow amounts far in excess of those permitted by the law," and a Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") claim, alleging that Bank of America "represent[ed] that the mortgage services had characteristics, uses or benefits that they did not." *Id.* (quoting *Wicker I* Compl. 4). On August 27, 2014, another judge of this Court dismissed

---

record in prior related proceedings."). Because the opinions and records in the prior cases are matters of public record, the Court may consider these documents in deciding the 12(b)(6) motion. *See Cinel*, 15 F.3d at 1343 n.6; *Price*, 2015 WL 1505695, at *2.

[3] Plaintiff and Rocio also named Beverly Mitrisin and Charles Thomas Nations as defendants in *Wicker I*; however, Mitrisin and Nations were dismissed when Plaintiff and Rocio filed their First Amended Complaint. *See Wicker II*, No. EP-15-CV-00015-FM, 2015 WL 632096, at *1 (W.D. Tex. Feb. 13, 2015).

Plaintiff and Rocio's claims for failure to state a claim upon which relief could be granted.  *See id.* at \*5.  The court dismissed the breach of contract and DTPA claims without prejudice and the RESPA claim with prejudice.  *See id.*

According to Plaintiff's Complaint in the instant case, in August of 2014—around the time that the federal district court dismissed the claims in *Wicker I*—the parties came to an agreement in which Plaintiff would pay "the amounts past due for the mortgage and the past taxes."  *See* Compl. 3; *Wicker I*, 2014 WL 10186157, at \*5.  However, Plaintiff explains that, despite this agreement, there was still a "'dispute' [regarding] the amount of the attorney's fees and whether Bank of America was permitted to impose force placed escrow."  *See* Compl. 3.

On December 30, 2014, Plaintiff and Rocio again filed a lawsuit—*Wicker II*—in the 243rd District Court of El Paso County, Texas, in anticipation of the foreclosure of the Calle Bonita Property in which they "assert[ed] a breach of contract claim and request[ed] a temporary restraining order against Bank of America."  *See Wicker II*, 2015 WL 632096, at \*1.  In addition to naming Bank of America as a defendant, Plaintiff and Rocio also named Beverly Mitrisin and Charles Thomas Nations as defendants.  *Id.*  As in *Wicker I*, Bank of America removed the case to federal court.  *See id.* at \*2.

On February 13, 2015, the *Wicker II* court found that it had diversity jurisdiction over the case, despite the fact that Plaintiff, Rocio, Mitrisin, and Nations were all Texas citizens[4] and despite Plaintiff's allegation that the amount in controversy was under $75,000.00.  *See id.* at \*3.  The *Wicker II* court held that Mitrisin and Nations were "wrongfully joined" because Plaintiff and Rocio "failed to state any claims against Mitrisin and Nations," and because Mitrisin and

---

[4] The *Wicker II* court noted that "[t]he pleading listed Mitrisin and Nations as located in Texas," and assumed that Mitrisin and Nations were Texas citizens.  *See Wicker II*, 2015 WL 632096, at \*1, \*1 n.6.

Nations were "not parties necessary to provide [Plaintiff and Rocio] with any relief." *Id.*  The

*Wicker II* court further held that, "[b]ecause Plaintiffs are seeking to prevent foreclosure on the

[Calle Bonita] Property, the amount in controversy [wa]s equal to the [Calle Bonita] Property's

value," and thus the amount in controversy exceeded $75,000.00.  *Id.*  Accordingly, the *Wicker II*

court found that it had diversity jurisdiction over the suit between Plaintiff and Rocio, Texas

citizens, and Bank of America, a non-Texas citizen.  *See id.*  Ultimately the court dismissed

Plaintiff and Rocio's claims for failure to state a claim pursuant to Rule 12(b)(6), explaining that

Plaintiff and Rocio could not maintain a breach of contract claim when they had defaulted on the

loan agreement.  *See id.*

      In dismissing Plaintiff and Rocio's claims, the Court noted that:

> Although a Rule 12(b)(6) dismissal is usually without prejudice to refile, some situations
> call for finality.   "At some point a court must decide that a plaintiff has had fair
> opportunity to make his case; if, after that time, a cause of action has not been
> established, the court should finally dismiss the suit."

*Id.* (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

The *Wicker II* court found that a dismissal with prejudice was particularly appropriate under the

facts of the case, because, "[b]efore commencing this cause of action, Plaintiffs asserted their

breach of contract claim in multiple pleadings."  *Id.* at *4.  Thus, "[i]n the interest of finality and

in light of multiple prior opportunities to correct the defect [in their pleadings]," the court

dismissed Plaintiff and Rocio's claims with prejudice.  *Id.*

      At the time of both prior lawsuits, the loan was serviced by Bank of America.  *See id.* at

*1; Compl. 2.  However, in April of 2015, Bank of America transferred the mortgage to

Seterus—Defendant in the instant case.  Compl. 3.  Plaintiff asserts that, on May 22, 2015,

"Plaintiff wrote Seterus a letter reiterating Plaintiff's agreement to pay the past due amounts in

full[,] . . . question[ing] two charges[,] and request[ing] clarification of these charges."  *Id.*

Plaintiff states that "Seterus twice informed Plaintiff that it needed additional time to respond." *Id.*

On August 21, 2015, "Plaintiff sent a follow up letter to Seterus and its attorneys," in which "Plaintiff tendered Seterus $67,909.30" in order to "bring the note current and reimburse Seterus for the past real estate taxes." *Id.* Plaintiff explains that, in this letter, he "also offered to pay $4,000 for attorneys' fees," but that he "indicat[ed to Seterus] that amounts in excess were neither reasonable nor necessary given Plaintiff's agreement to get current at least as early as August of 2014." *Id.* In the letter, Plaintiff asserts that he also "agreed to go to binding arbitration for the remaining amount of the claimed attorneys' fees." *Id.* Plaintiff states that Seterus never responded to this letter. *Id.* Ultimately, according to Plaintiff, Seterus "accelerate[d] the mortgage and post[ed] the property for foreclosure," although Plaintiff does not indicate when this occurred. *See id.* at 4.

Plaintiff brought the instant lawsuit against Seterus on October 27, 2015, in the 327th District Court of El Paso County, Texas, and Seterus removed the case to federal court on November 12, 2015. *See* Notice of Removal 1, ECF No. 1. On December 3, 2015, Seterus filed its Motion, asking the Court to dismiss all claims against it as barred by res judicata or collateral estoppel, and because Plaintiff "failed to state a claim upon which relief may be granted." *See* Mot. 3.

## II.    DISCUSSION

### A.    Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light

most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Though a complaint need not contain "detailed factual allegations," a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555; *see also Colony Ins. Co.*, 647 F.3d at 252.  Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Colony Ins. Co.*, 647 F.3d at 252 ("Factual allegations must be sufficient to raise a non-speculative right to relief.").  Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).[5]

---

[5] Plaintiff, a licensed attorney, is representing himself in this case.  *See* Compl. 6.  Although generally courts must construe pro se pleadings liberally and hold them "to less stringent standards than formal pleadings drafted by lawyers," *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a number of courts have declined to construe pro se pleadings liberally when the pro se litigant is an attorney.  *See U.S. ex rel. Holmes v. Northrop Grumman Corp.*, No. 15-60414, --- Fed. App'x ----, 2016 WL 1138264, at *4 (5th Cir. Mar. 23, 2016); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001); *Powell v. Galveston Indep. Sch. Dist.*, No. CIV.A. G-06-415, 2006 WL 2239097, at *1 n.3 (S.D. Tex. Aug. 1, 2006).  Likewise, the Court declines to construe the pleadings liberally in this case where the Plaintiff, though representing himself, is a licensed attorney. *See U.S. ex rel. Holmes*, 2016 WL 1138264, at *4.  Further, even if the Court construed Plaintiff's Complaint liberally, he would still not prevail, as explained below.

**B.      Analysis**

In the Complaint, Plaintiff asserts a breach of contract claim, a claim for declaratory judgment, and a permanent injunction "enjoining non-judicial foreclosure."  *See* Compl. 4-6.  In Plaintiff's breach of contract claim, he alleges that Seterus "improperly calculat[ed] the amount due on the note and post[ed] the home for foreclosure based upon an amount not actually due," explaining that, "[s]pecifically, the attorneys' fees sought were neither reasonable nor necessary."  *See id.* at 4.  In Plaintiff's claim for declaratory judgment, he seeks a declaration from the Court that "Seterus is not entitled to force placed escrow" because "escrow was waived by years of conduct along with specific representations made in order to induce the mortgage."  *See id.*  Finally, Plaintiff seeks a permanent injunction enjoining foreclosure on the Calle Bonita Property because "Seterus improperly posted the [Calle Bonita Property] for foreclosure."  *See id.*

Seterus argues that the claims for breach of contract and declaratory judgment are barred by res judicata, based upon the dismissal of Plaintiff's claims with prejudice in *Wicker II*.  *See* Mot. 7-10.  Seterus further argues that, as a result of this bar, Plaintiff's request for injunctive relief should be dismissed "because it is not supported by a viable cause of action."  *See id.* at 13-14.

**1.      Applicability of res judicata at the pleading stage**

Before turning to the substance of Defendant's Motion, the Court first considers the propriety of raising a res judicata argument in a motion to dismiss.  Although "generally a res judicata contention cannot be brought in a motion to dismiss" because it "must be pleaded as an affirmative defense," *see Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005), "[d]ismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when

the elements of *res judicata* are apparent on the face of the pleadings." *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010); *see also Meyers v. Textron, Inc.,* 540 F. App'x 408, 410 (5th Cir. 2013) ("[R]es judicata may be properly raised on a motion to dismiss when 'the facts are admitted or not controverted or are conclusively established.'" (quoting *Clifton v. Warnaco, Inc.,* 53 F.3d 1280, 1995 WL 295863, at *6 n.13 (5th Cir. 1995))). In addition, dismissal under Rule 12(b)(6) is proper if the elements of res judicata are apparent "based on the facts pleaded and judicially noticed." *See Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.").

In this case, as set out below, the Court resolves the issue of res judicata by relying only on the facts pleaded in Plaintiff's Complaint and the judicially noticed record in the prior lawsuits. Therefore, because the elements of res judicata are apparent "based on the facts pleaded and judicially noticed," the Court finds that it is appropriate to review Seterus's res judicata defense in the context of the Motion to Dismiss. *See Hall*, 305 F. App'x at 229 ("Because [plaintiff's] own pleadings and the judicially noticed, publicly available documents all reveal that res judicata's four requirements are satisfied, the district court properly granted defendants' Rule 12(b)(6) motion to dismiss.").[6]

### 2.     Res judicata bars Plaintiff's claims

Res judicata is an affirmative defense based on the principle "that controversies once decided shall remain in repose." *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (quoting *Iselin v. Meng,* 307 F.2d 455, 457 (5th Cir. 1962)); *Test Masters*, 428 F.3d at

---

[6] Moreover, in *Test Masters Education Services, Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2005), the Fifth Circuit reviewed the district court's dismissal of the plaintiff's claims under the 12(b)(6) standard because the plaintiff "did not challenge [the defendant's] ability to argue res judicata in a motion to dismiss rather than in [its] response or a motion for summary judgment." *Id.* at 570 n.2. Likewise, in this case Plaintiff has not challenged Seterus's ability to argue res judicata in a motion to dismiss. *See generally* Resp.

570 n.2.  Res judicata "does not depend upon whether or not the prior judgment was right."  *See Comer*, 718 F.3d at 466 (quoting *Iselin,* 307 F.2d at 457).  The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."  *Comer*, 718 F.3d at 466 (quoting *Test Masters,* 428 F.3d at 571).  "The preclusive effect of a federal-court judgment is determined by federal common law."  *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

Under federal law, true res judicata—also referred to as claim preclusion—"has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."  *Comer*, 718 F.3d at 467 (quoting *Test Masters,* 428 F.3d at 571).  If all four elements are met, the court must then determine if "the previously unlitigated claims could or should have been asserted in the prior proceeding."  *In re Paige,* 610 F.3d 865, 870 (5th Cir. 2010) (quoting *D–1 Enters., Inc. v. Commercial State Bank,* 864 F.2d 36, 38 (5th Cir. 1989)).  Because res judicata is an affirmative defense, the defendant bears the burden of proving this defense.  *See Taylor*, 553 U.S. at 907; *Torello*, 2013 WL 3289526, at *5 ("[T]he burden of proving claim preclusion 'rests on the party claiming the benefit of the doctrine.'").

The Court now looks to the facts of *Wicker II* to determine if the four elements of res judicata are satisfied in this case.

### a.      Parties are identical or in privity

Although Seterus was not a party to *Wicker II*, Seterus nonetheless contends that the first element of res judicata—privity—is met because Bank of America was a party to *Wicker II* and

because Seterus "succeeded Bank of America in the servicing of his loan." *See* Mot. 7.  Plaintiff does not address the element of privity in his Response. *See generally* Resp. to Mot. ("Resp.").

"A non-party defendant can assert res judicata so long as it is in 'privity' with the named defendant." *Russell v. SunAmerica Sec., Inc.,* 962 F.2d 1169, 1173 (5th Cir. 1992); *Torello*, 2013 WL 3289526, at *6.  "[P]rivity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Meza v. Gen. Battery Corp.,* 908 F.2d 1262, 1266 (5th Cir. 1990).  Specifically, "privity exists between preceding and succeeding owners of property," and "assignees and servicing agents of a loan are in privity with an original mortgage company." *See Ernest v. CitiMortgage, Inc.*, No. SA:13-CV-802-DAE, 2014 WL 294544, at *4 (W.D. Tex. Jan. 22, 2014); *see also Taylor*, 553 U.S. at 894 (explaining that "nonparty preclusion may be justified based on a variety of pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment," including "preceding and succeeding owners of property").

The Court finds that Seterus is in privity with Bank of America.  In the Complaint, Plaintiff explains that "[i]n April of 2015, Bank of America transferred the mortgage to Seterus," and that, shortly after this transfer, Plaintiff contacted Seterus regarding repayment of "the past due amounts" on the mortgage. *See* Compl. 3.  Thus, under the facts alleged by Plaintiff, Seterus is in privity with Bank of America because Seterus was the successor in interest to Bank of America's interest in the Calle Bonita Property. *See Meza*, 908 F.2d at 1266 ("[P]rivity exists . . . where the non-party is the successor in interest to a party's interest in property."); *Ernest*, 2014 WL 294544, at *4; *McMahan v. First Union Nat'l Bank*, No. C.A.SA-01-0782 FB

10

NN, 2003 WL 1606084, at *1-2 (W.D. Tex. Mar. 7, 2003), *report and recommendation adopted sub nom. McMahan v. First Union Nat'l Bank*, No. CIV.A. SA-01-CA782FB, 2003 WL 21339370 (W.D. Tex. June 10, 2003) (finding, in a case involving the validity of a mortgage loan, that the original lender and the bank "to whom the mortgage loan was later assigned" were "clearly in privity").  Accordingly, because privity exists between Bank of America and Seterus, the first element of res judicata is satisfied.  *See McMahan*, 2003 WL 1606084, at *1-2.

### b.    Court of competent jurisdiction

Next, Seterus asserts that the judgment in the prior action—the dismissal with prejudice in *Wicker II*—was rendered by a court of competent jurisdiction because the district court "had subject matter jurisdiction based on diversity jurisdiction as the only non-diverse parties [in *Wicker II*] were improperly joined."  *See* Mot. 7.  As with the element of privity, Plaintiff does not address whether the judgment was rendered in a court of competent jurisdiction.  *See generally* Resp.

The district court had diversity jurisdiction in *Wicker II* because the plaintiffs were both Texas citizens, the remaining defendant—Bank of America—was a non-Texas citizen, and the amount in controversy was over $75,000.00.  *See Wicker II*, 2015 WL 632096, at *3; *see also* 28 U.S.C. § 1332(a)-(b).  Because the district court in *Wicker II* had diversity jurisdiction, the prior judgment—the dismissal of Plaintiff's claims with prejudice—was rendered in a court of competent jurisdiction.  *See Torello*, 2013 WL 3289526, at *6 (holding that the prior judgment was rendered in a court of competent jurisdiction where the court rendering the prior judgment had jurisdiction because "defendants properly removed [the prior] action to [federal court] based on diversity jurisdiction"); *Anderson v. Bank of Am.*, Civil Action No. 2:09CV183DCB-JMR, 2009 WL 3647516, at *4 (S.D. Miss. Nov. 3, 2009) (finding "the prior district court was a court

of competent jurisdiction for res judicata purposes," because prior defendant was "non-resident of Mississippi," prior plaintiff "was a resident of Mississippi," and "[t]he amount in controversy exceeded the minimum jurisdiction amount for the district court").  Accordingly, the second element of res judicata is satisfied.

### c.      Final judgment on the merits

In *Wicker II*, the district court dismissed Plaintiff's breach of contract claim with prejudice for failure to state a claim under Rule 12(b)(6).  *See Wicker II*, 2015 WL 632096, at *3-4.  Seterus argues that this prior judgment meets the third element of res judicata—a final judgment on the merits—because "[t]he final judgment in [*Wicker II*] was entered 'with prejudice,' thereby completely disposing of all of Plaintiff's claims."  *See* Mot. 8.  As with the prior elements, Plaintiff does not address whether a prior court entered a final judgment on the merits.  *See generally* Resp.

"It is well established that Rule 12(b)(6) dismissals are made on the merits."  *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014); *see Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981).  In addition, "[g]enerally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes."  *Stevens*, 587 F. App'x at 133; *see Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398, 401 (5th Cir. 2009).  Because the *Wicker II* court's 12(b)(6) dismissal with prejudice was a final judgment on the merits, the third element of res judicata is satisfied.  *See Stevens*, 587 F. App'x at 133.

### d.      Same claim or cause of action

Finally, Seterus argues that the fourth and final element of res judicata—whether the same claim or cause of action was involved in both actions—is met because Plaintiff's breach of contract claim "is based on the same alleged accounting issues asserted in the prior suit," and

because Plaintiff's declaratory judgment claim regarding escrow is "based on conduct allegedly taking place over several years, rather than during the time period between the Prior Suit and the filing of this Action." *See* Mot. 9-10.

In his Response, Plaintiff argues that his claim for breach of contract is not barred by res judicata because this claim only involves attorney's fees which "were never at issue" in the prior action because the attorney's fees "were neither raised by the Plaintiff nor sought by [Bank of America]." *See* Resp. 6. Plaintiff also argues that his claim for declaratory judgment regarding the imposition of escrow is not barred by res judicata because, although *Wicker II* "did involve the issue of the imposition of force placed escrow," *Wicker II* "did not, however, involve the issue of future forced placed escrow." *Id.*

To determine whether both suits involve the same claim or cause of action, courts in the Fifth Circuit use the "transactional test." *See In re Paige*, 610 F.3d at 872; *Test Masters,* 428 F.3d at 571. "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters,* 428 F.3d at 571; *In re Paige*, 610 F.3d at 872. "The critical issue under this determination is whether the two actions under consideration are based on 'the same nucleus of operative facts,' rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *In re Paige*, 610 F.3d at 872 (internal citations and quotation marks omitted) (quoting *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000); *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)). Indeed, "[a] judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Hall v. United States*, Civil Action No. 6:06-CV-528, 2008 WL 276397, at *5 (E.D. Tex. Jan. 30, 2008).

The Court finds that the fourth and final element of res judicata is met because this suit is based on the same nucleus of operative facts as *Wicker II*.  In both *Wicker II* and the instant case, Plaintiff brings claims based solely on the breach of the loan agreement.  *See* Pl.'s Original Pet. and App. For Temp. Restraining Order ("*Wicker II* Complaint") at 3, Notice of Removal, *Wicker II*, EP-15-CV-00015-FM (W.D. Tex. Jan. 21, 2015), ECF No. 1-1; Compl. 4.

In *Wicker II*, the district court dismissed Plaintiff's claims stemming from the loan agreement, finding that Plaintiff had failed to state a claim for breach of contract because "a party to a contract who is himself in default cannot maintain a suit for its breach."  *Wicker II*, 2015 WL 632096, at *3 (quoting *Dobbins v. Redden,* 785 S.W.2d 377, 378 (Tex. 1990) (per curiam)).  Therefore, the operative facts in *Wicker II* all involved the loan agreement—specifically, whether Plaintiff was in default on the loan agreement, thus preventing him from bringing a breach of contract claim regarding this agreement.  *See id.*

Likewise, in the instant case, the operative facts involve the very same breach of the same loan agreement that was at issue in *Wicker II*, as well as Plaintiff's default on that loan agreement.  *See* Compl. 4; *Wicker II*, 2015 WL 632096, at *3.  Thus, the two cases involve a common nucleus of operative facts; indeed, the two suits involve identical operative facts. Accordingly, the instant suit involves the same claim or cause of action as *Wicker II*.  *See In re Paige*, 610 F.3d at 872; *Davis v. Chase Home Fin., LLC*, No. 3:12-CV-456-HTW-LRA, 2014 WL 936474, at *5 (S.D. Miss. Mar. 10, 2014), *aff'd sub nom. Davis v. Chase Home Fin., L.L.C.*, 597 F. App'x 249 (5th Cir. 2015) (finding that the fourth element of res judicata was satisfied where, "[i]n both actions, Plaintiffs sought relief from foreclosure proceedings involving the real property," and "[b]oth cases [we]re founded upon Plaintiffs' allegations that the Defendants breached both the loan modification agreements"); *Anderson*, 2009 WL 3647516, at *5 (finding

14

that the fourth element of res judicata was satisfied where "[b]oth the underlying action and [the prior action we]re based on the same mortgage loan"); *see also McMahan*, 2003 WL 1606084, at *2 (finding that, "[c]learly, res judicata prevents" relitigation of the claims, where "both lawsuits involve the [same] home equity loan agreement").

Specifically, Plaintiff's claim for breach of contract is based on the same loan agreement and the same alleged miscalculation as the breach of contract claim in *Wicker II*.  *See* Compl. 2, 4; *Wicker II* Compl. 2-3.  Further, although Plaintiff attempts to reframe his escrow claim as a declaratory judgment claim, Plaintiff's new declaratory judgment claim regarding "future force placed escrow" claim is based on the same loan agreement, and same breach, as his breach of contract claim regarding "force placed escrow" in *Wicker II*.  *See* Compl. 2, 4; *Wicker II* Compl. 2-3.  Finally, Plaintiff's request for injunctive relief enjoining foreclosure in this case is also based on the same loan agreement and breach as his request for injunctive relief enjoining foreclosure in *Wicker II*.  *See* Compl. 2, 4; *Wicker II* Compl. 2-3.

In an attempt to distinguish the cases, Plaintiff argues that attorney's fees "were never at issue" in *Wicker II* because attorney's fees "were neither raised by the Plaintiff nor sought by [Bank of America]," in that proceeding.  *See* Resp. 6.[7]  However, under the transactional test, the Court looks to whether both cases involved the same nucleus of operative facts, not whether Plaintiff has alleged the same legal theories or types of relief as in the prior litigation.  *See In re Paige*, 610 F.3d at 872; *Warren v. Mortg. Elec. Registration Sys., Inc.*, 616 F. App'x 735, 738

---

[7] In the Response, Plaintiff asserts that "[t]here was no claim for attorney's fees made by Bank of America before or after the lawsuit was dismissed."  *See* Resp. 6.  To the extent that this allegation is inconsistent with the facts pleaded by Plaintiff in the Complaint, the Court does not consider this allegation.  *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) ("While it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint, a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint."  (citations omitted)); *Lee v. Quarterman*, No. CIV. A. C-07-476, 2008 WL 1696879, at *4 (S.D. Tex. Apr. 9, 2008).

(5th Cir. 2015) (rejecting plaintiff's argument "that the fourth element [of res judicata] is not satisfied because [plaintiff] has raised legal claims that were not raised in the two prior suits," because "[r]aising new claims . . . does not allow [plaintiff] to avoid the preclusive effects of the prior judgments," where the current and prior cases are based on the same nucleus of operative facts); *Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-CV-00602 NC, 2014 WL 4953966, at *5 (N.D. Cal. Sept. 29, 2014) (finding plaintiff's claims were barred by res judicata "despite the fact that the present case utilizes some additional legal theories," where two prior cases and the current case all sought to prevent foreclosure on the same property).  Under the transactional test, the issue of attorney's fees is part of the same claim or cause of action as at issue in *Wicker II* because, as explained above, both *Wicker II* and the instant suit involve the same loan agreement and breach, and, thus, the same nucleus of operative facts.

Further, other federal courts of appeal have specifically found that attorney's fees are part of the same claim or cause of action as the underlying substantive claim.  *See, e.g.*, *Rooney v. United States*, 694 F.2d 582, 584, 584 n.4 (9th Cir. 1982) (explaining that "a claim for attorney's fees incurred in the prosecution of a substantive claim is part of the same cause of action as that underlying the substantive claim"); *Aetna Cas. & Sur. Co. v. Giesow*, 412 F.2d 468, 470 (2d Cir. 1969) (explaining that, in a breach of contract case, a claim for attorney's fees and the breach of contract claim "are so inexorably interconnected as to make th[em] a single claim," because "plaintiff would not be entitled to [attorney's] fees if there was no breach").  In addition, some courts have found that attorney's fees should be barred by res judicata in future cases, regardless of whether they were actually raised in the prior case.  *See, e.g.*, *Dryvit Sys., Inc. v. Great Lakes Exteriors, Inc.*, 96 F. App'x 310, 310-11 (6th Cir. 2004) (finding a claim for attorney's fees, "pursuant to a 'prevailing party' clause" in the parties' contract, to be barred by res judicata

when this claim was not brought in the prior suit for breach of contract); *Rooney v*, 694 F.2d at 584, 584 n.4 (explaining that a claim for attorney's fees from the prosecution of a substantive claim would be barred by res judicata even if a request for attorney's fees had not been made in the prior action regarding the substantive claim).

Accordingly, because the issue of attorney's fees is part of the same claim or cause of action as the breach of contract claim in *Wicker II*, the fourth element of res judicata is met, despite the fact that neither Plaintiff nor Bank of America chose to raise the issue of attorney's fees in *Wicker II*.  *See Warren*, 616 F. App'x at 738.

> **e.     The claims were or should have been raised in the prior action**

Now that the Court has found that all four elements of res judicata are met, the Court must next determine if "the previously unlitigated claims could or should have been asserted in the prior proceeding."  *See In re Paige,* 610 F.3d at 870 (quoting *D–1 Enters., Inc.*, 864 F.2d at 38); *Test Masters*, 428 F.3d at 571 (explaining that "res judicata[] bars the litigation of claims that either have been litigated or should have been raised in an earlier suit").  This "inquiry centers on whether and to what extent Plaintiff had actual or imputed awareness of the now-presented claims . . . and whether Plaintiff could have asserted them in the previous action."  *Ernest*, 2014 WL 294544, at *3.

As explained above, Plaintiff has already litigated and lost his breach of contract claim regarding the alleged miscalculation of the amount due on his loan agreement as well as his claim regarding escrow.  *See Wicker II*, 2015 WL 632096, at *4.  Further, Plaintiff already litigated and was denied his request for a permanent injunction based on these claims.  *See id.* (explaining that "the dismissal of Plaintiffs' breach of contract claim fully resolves this case" and ordering the Clerk to close the case); *see also Wicker II* Compl. 5 (explaining that Plaintiff and

Rocio seek a "permanent injunction enjoining non-judicial foreclosure"). Thus, these claims are patently foreclosed. The only remaining claim that is possibly "unlitigated" is Plaintiff's claim regarding attorney's fees.

However, in arguing that the claim regarding attorney's fees should not be barred by res judicata, Plaintiff merely argues that attorney's fees "were never at issue" in *Wicker II*. *See* Resp. 6. Plaintiff does not argue that he was unaware of this claim at the time of *Wicker II*, or that he could not have presented this claim in the *Wicker II* litigation. *See generally id.* Indeed, on the face of the Complaint, Plaintiff indicates that he was aware of the issue of attorney's fees as early as August of 2014, four months prior to the commencement of *Wicker II* on December 30, 2014. *See* Compl. 3 (explaining that in August of 2014, there was a "dispute" between the Bank of America and Plaintiff, "concern[ing] the amount of the attorney's fees"); *Wicker II*, 2015 WL 632096, at *1. Because Plaintiff was aware of a dispute regarding attorney's fees during the *Wicker II* litigation, Plaintiff could have brought this claim to the *Wicker II* court. And, because the instant dispute arises from the same breach of the same loan agreement as the one at issue in the *Wicker II* litigation, res judicata bars the claim in the instant case. *See Warren*, 616 F. App'x at 738 (explaining that "new claims" brought by the plaintiff "arise from the same nucleus of operative facts and thus could have, and should have, been asserted in the prior suits"); *Ernest*, 2014 WL 294544, at *6 ("The Court finds that Plaintiff should have asserted all of the Third Petition's claims in the Original Petition because all of the claims are predicated on the same nucleus of operative facts."); *see also Dryvit Sys.*, 96 F. App'x at 310-11 (holding that a claim for attorney's fees was barred by res judicata even when it was not brought in the prior breach of contract suit); *Rooney v*, 694 F.2d at 584, 584 n.4 (holding that a claim for

18

attorney's fees would be barred by res judicata even if the request was not raised in the prior suit).

Because all four elements of res judicata are met and because Plaintiff either did or could have brought all of his claims in the *Wicker II* litigation, Plaintiff's claims for breach of contract and declaratory judgment, as well as his request for injunctive relief, are barred by res judicata. *See Anderson*, 2009 WL 3647516, at *5 ("This claim was previously available to [plaintiff]; thus, res judicata applies."); *see also McMahan*, 2003 WL 1606084, at *2 ("The fact that plaintiffs have raised an additional challenge to the loan—that defendants charged excessive closing costs—does not destroy res judicata, where plaintiffs could have raised this challenge in the earlier suit.").

### 3.     Leave to Amend

Although Plaintiff has not requested leave to amend his Complaint, the Court considers whether to grant such leave, because generally, when a court dismisses one or more of a plaintiff's claims pursuant to Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint.  *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).  However, "a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., 'if the complaint as amended would be subject to dismissal.'"  *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009)).  Specifically, "[c]laims barred by res judicata are futile."  *See Green v. Buckley Madole, P.C.*, No. 3:14-CV-3742-N-BN, 2015 WL 1505703, at *4 (N.D. Tex. Mar. 30, 2015); *see also Donnelly v. JPMorgan Chase Bank, N.A.*, No. CIV.A. H-15-1671, 2015 WL 6701922, at *1 (S.D. Tex. Nov. 3, 2015) (finding that amendment would be futile where "new claims are based on the same nucleus of operative facts as the earlier case . . . and would thus be barred by

19

res judicata").  Because Plaintiff's claims are barred by res judicata, leave to amend would be futile.  *See Green*, 2015 WL 1505703, at *4-5.  Accordingly, the Court declines to grant Plaintiff leave to amend the Complaint.

**III.    CONCLUSION**

For the reasons set forth above, the Seterus's Motion to Dismiss, ECF No. 5, is **GRANTED**.  Accordingly, Plaintiff's claims are **DISMISSED**.

**SO ORDERED.**

**SIGNED this 5th  day of May, 2016.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

20